United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

L.D.,

Plaintiff,

v.

KILOLO KIJAKAZI,

Defendant.

Case No. 20-cv-06906-VKD

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Re: Dkt. No. 24

On March 31, 2022, the Court granted-in-part and denied-in-part each party's cross-motion for summary judgment. Dkt. No. 22. The Court remanded plaintiff L.D.'s[1] case for further proceedings, finding that the ALJ erred in assessing the medical opinions and in considering L.D.'s borderline age situation. *See id.* Now pending before the Court is defendant Commissioner of Social Security's ("Commissioner") motion to alter or amend the Court's judgment as to its finding regarding L.D.'s borderline age situation, and to remand the case based solely on the assignment of error as to the medical opinions. Dkt. No. 24. L.D. opposes the motion.[2] Dkt. No. 25. For the reasons stated below, the Court denies the Commissioner's motion.

[1] Because orders of the Court are more widely available than other filings, and this order contains potentially sensitive medical information, this order refers to the plaintiff only by her initials. *See* Dkt. No. 1. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636; Fed. R. Civ. P. 73; Dkt. Nos. 9, 10.

## I. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). "Amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks omitted). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) the moving party presents "newly discovered or previously unavailable evidence;" (3) the motion is necessary to "prevent manifest injustice;" or (4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

## II. DISCUSSION

The Commissioner argues that the Court's order is contrary to the Ninth Circuit's decision in *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1072-1074 (9th Cir. 2010), interpreting 20 C.F.R. § 404.1563 as it applies to "borderline age situations." Dkt. No. 24 at 1. The Commissioner moves for relief under Rule 59(e) "to correct manifest errors of law or fact upon which the judgment is based." *Id.*; *Turner*, 338 F.3d at 1063. L.D. disagrees and argues that nothing in the record shows that the ALJ properly considered L.D.'s borderline age situation.

Under the Commissioner's regulations, age is considered as a vocational factor and is categorized as follows: "younger person" (under age 50); "closely approaching advanced age" (age 50-54); and "advanced age" (age 55 or older). 20 C.F.R. § 404.1563(c)-(e). A "borderline situation" is presented where the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled[.]" *Id.* § 404.1563(b). In borderline cases, an ALJ may "not apply the age categories mechanically" and "will consider whether to use the older age category after

evaluating the overall impact of all the factors in [the claimant's] case." *Id*. "It is clear from the text of this regulation that an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood*, 616 F.3d at 1071. Rather, an ALJ has discretion to use the higher age category. *Id*. at 1069 (citing 20 C.F.R. § 404.1563(b)); *see also Barreras v. Saul*, 803 F. App'x 70, 72 (9th Cir. 2020).

In *Lockwood*, the Ninth Circuit held that although an ALJ is required by regulation to consider whether to use a higher age category in a borderline situation, there is no requirement that an ALJ explain in a written decision why a higher age category was not used. *Lockwood*, 616 F.3d at 1070 (citing 20 C.F.R. § 404.1563(b)); *see also id*. at 1071-72 & n.2, 4. Rather, an ALJ is required by regulation only to consider whether to use the higher age category after evaluating the overall impact of all the factors of the claimant's case. *Id*. at 1069-72; 20 C.F.R. § 404.1563(b). An ALJ may be found to satisfy this requirement by, for example, (1) mentioning the claimant's birthdate and age category, (2) citing the regulation that prohibits application of the age categories mechanically in a borderline situation, *see* 20 C.F.R. § 404.1563, and (3) evaluating the overall impact of all the factors in the claimant's case in reliance on the testimony of a VE. *Lockwood*, 616 F.3d at 1071-72; *see also Marcia B. v. Comm'r Soc. Sec. Admin.*, No. 21-cv-05694-TLF, 2022 WL 1000477, at *2 (W.D. Wash. Apr. 4. 2022) (same).

In this case, the Court observed that L.D. was within three months of her 50th birthday at the time of the ALJ's decision. *See* Dkt. No. 22 at 12. However, as the Court also observed, the record reflects that the ALJ only considered her age (44 years old) as of the date of alleged onset of her disability. *See id.* at 13. Specifically, the ALJ wrote: "The claimant was born on June 9, 1970 and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563)." AR at 25.

"A claimant's age should be considered at the time of the ALJ's decision." *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (citing *Lockwood*, 616 F.3d at 1071-72)); *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). District courts in the Ninth Circuit have repeatedly found that failure to consider a claimant's age as of the date of an ALJ's decision is insufficient under *Lockwood* and the federal regulations addressing borderline age situations. *Kathleen M.S. v.*

*Saul*, No. 1:20-CV-00105-CWD, 2021 WL 2652247, at *8 (D. Idaho June 28, 2021) ("*Lockwood* requires the ALJ to consider a claimant's age at the time of the ALJ's decision. But here, the ALJ stated Petitioner's age at the time of her application, rather than at the time the ALJ made his decision."); *Janice B.R. v. Saul*, No. 2:18-CV-06039-AFM, 2019 WL 4140921, at *3 (C.D. Cal. Aug. 29, 2019) ("[A]lthough the ALJ mentioned Plaintiff's date of birth, she did not mention Plaintiff's age as of the date of her decision."); *Strissel v. Colvin*, No. C16-0374-RJB-MAT, 2016 WL 6242849, at *3 (W.D. Wash. Oct. 5, 2016), *report and recommendation adopted*, No. C16-0374-RJB, 2016 WL 6217109 (W.D. Wash. Oct. 25, 2016) ("The ALJ's decision indicates, accurately, that plaintiff was 49, a 'younger individual,' on the June 19, 2009 amended alleged disability onset date, but does not mention her age or age category at the time of the July 29, 2014 decision, some five years and almost two age categories later."); *Campbell v. Astrue*, No. 1:09-CV-00733 GSA, 2011 WL 1459168, at *3-4 (E.D. Cal. Apr. 15, 2011) ("[T]he ALJ improperly referenced Plaintiff's age at onset of disability rather than at the time of the decision."); *cf. R.W. v. Kijakazi*, No. 21-CV-00152-VKD, 2022 WL 3215013, at *4 (N.D. Cal. Aug. 9, 2022) (finding that the ALJ sufficiently considered claimant's age under *Lockwood* where ALJ noted claimant's age as of the date last insured). The Court is not persuaded that it made an error of law or fact in concluding that the ALJ did not consider whether to use the higher age category, as he was required to do.

The Commissioner also argues that the Court erred by ordering remand based on a provision of the agency's operations manual. The Commissioner is incorrect. In its prior order, the Court wrote that "[t]he *Commissioner's argument* is also inconsistent with the POMS borderline age policy, which directs an ALJ to '[d]ocument how you considered borderline age whether you allow or deny the claim.'" Dkt. No. 22 at 13 (emphasis added). However, the Court's decision to order remand was not based on the ALJ's failure to comply with agency policy; the order of remand was based on the ALJ's failure to consider, *at all*, L.D.'s borderline age at the time of his decision on her application. Similarly, the Court's prior order directs that on remand "[t]he ALJ should . . . consider the application of a higher age category to L.D.'s borderline age situation and document such consideration in writing." Dkt. No. 22 at 14. The

United States District Court
Northern District of California

Court did not order the ALJ *explain* in writing *why* a higher age category was not used; rather, consistent with *Lockwood*, the ALJ need only document that L.D.'s borderline age situation was *considered*. *See Lockwood*, 616 F.3d at 1070.

**III. CONCLUSION**

Based on the foregoing, the Commissioner's motion to amend and alter the Court's judgment is denied. This matter is remanded for further proceedings consistent with this and the Court's prior orders.

**IT IS SO ORDERED.**

Dated: November 22, 2022

Virginia K. DeMarchi
VIRGINIA K. DEMARCHI
United States Magistrate Judge